ALAN W. WESTBROOK, ESQ.
Nevada Bar No. 6167
PERRY & WESTBROOK
A Professional Corporation
1701 W. Charleston Blvd., Suite 200
Las Vegas, NV  89502
Telephone:     702-870-2400
Facsimile:      702-870-8220
E-Mail:          awestbrook@perrywestbrook.com
Attorneys for Defendant
THRIFTY PAYLESS, INC. (erroneously sued as RITE
AID CORPORATION, a Delaware corporation, dba
RITE AID PHARMACY and THRIFTY PAYLESS
HOLDINGS, INC., a Delaware corporation, dba
RITE AID PHARMACY)

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| PEGGY CRAGHEAD,<br><br>        Plaintiff,<br><br>vs.<br><br>RITE AID CORPORATION, a Delaware corporation, dba RITE AID PHARMACY; THRIFTY PAYLESS HOLDINGS, INC., a Delaware corporation, dba RITE AID PHARMACY; THRIFTY PAYLESS, INC., a California corporation, dba RITE AID, and DOES I through XX, | Case No.:_____ |

## DEFENDANT THRIFTY PAYLESS, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441 (DIVERSITY); DEMAND FOR JURY TRIAL

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that defendant Thrifty Payless, Inc. (also erroneously sued as

Page 1 of 9

"Rite Aid Corporation, a Delaware corporation, dba Rite Aid Pharmacy" and "Thrifty Payless Holdings, Inc., a Delaware corporation, dba Rite Aid Pharmacy") hereby removes this action from the Second Judicial District Court of the State of Nevada, in and for Washoe County, Nevada, to the United States District Court for the District of Nevada. This removal is based upon diversity of citizenship between the parties, in accord with 28 U.S.C. §§ 1332(a) and 1441(b), and is timely, in accord with 28 U.S.C. § 1446. As a preliminary matter, Thrifty Payless, Inc. asserts that the only correctly named corporate defendant is Thrifty Payless, Inc., as it was the owner and operator of the Santa Rosa, California pharmacy where the alleged medication error occurred and it was the employer of the pharmacist at that pharmacy who made the alleged error. Neither defendant "Rite Aid Corporation, a Delaware corporation, dba Rite Aid Pharmacy" nor the entity identified as "Thrifty Payless Holdings, Inc., a Delaware corporation, dba Rite Aid Pharmacy" have any connection with the facts alleged in the action, and there is no evidence that either of those entities have been properly served or accepted service in this action.

In support of this removal, Defendant makes the following showing:

## 1. JURISDICTION

Removal is based on the following grounds: (1) there is complete diversity of citizenship between plaintiff Peggy Craghead ("Plaintiff"), an individual and a Nevada resident and citizen, and Thrifty Payless, Inc., a citizen of the State of California and the Commonwealth of Pennsylvania; and (2) the amount in controversy exceeds the jurisdictional minimum of $75,000, exclusive of interest and costs.

## 2. PROCEEDINGS TO DATE

On December 15, 2015, in the Second Judicial District Court of the State of Nevada, County of Washoe, Plaintiff filed a civil action entitled *PEGGY CRAGHEAD v. RITE AID CORPORATION, a Delaware Corporation, dba Rite Aid Pharmacy; THRIFTY PAYLESS HOLDINGS, INC., a Delaware Corporation, dba Rite Aid Pharmacy; THRIFTY PAYLESS,*

*INC., a California corporation, dba Rite Aid; and Does I through XX*, Case No. CV15-02404 ("Complaint"). Plaintiff's Complaint did not demand a jury trial. Defendant hereby demands a jury trial. The Complaint, filed by Plaintiff in her capacity as an heir under NRS 41.085(1), contains a single cause of action under NRS 41.085(2) for the wrongful death of decedent Billy Dee With. (*See* Declaration of Susan Lowell ["Lowell Dec."], ¶ 2, filed and served herewith in support of removal; and the Complaint, Exhibit A to Lowell Dec.)

On January 20, 2016, Plaintiff served the Complaint on Thrifty Payless, Inc., through CT Corporation, Thrifty Payless, Inc.'s agent for service of process in Los Angeles, California. (*See* Lowell Dec., ¶ 3, and Service of Process Transmittal attached as Exhibit B to Lowell Dec.) Defendant Thrifty Payless, Inc. asserts that it is the only correctly named corporate defendant, and indeed Thrifty Payless, Inc. is informed and believes that it is the only properly served corporate defendant in this action. Neither defendant "Rite Aid Corporation" nor defendant "Thrifty Payless Holdings, Inc." own or operate the Thrifty Payless, Inc. pharmacy, identified by Plaintiff's Complaint as "Rite Aid #06023" in Santa Rosa, California, nor do they employ the pharmacist at that pharmacy who allegedly made the prescription error that allegedly resulted in the wrongful death of decedent Billy Dee With, as alleged in the Complaint herein. (*See* Lowell Dec., ¶ 5; and Ex. A thereto, Complaint, at ¶¶ 3, 9 and 13.) Accordingly, neither defendant "Rite Aid Corporation" nor defendant "Thrifty Payless Holdings, Inc." is a proper party to this action. (*See* Lowell Dec., ¶ 5).

Thrifty Payless, Inc. is informed and believes, and thereon alleges, that other than the pleadings and papers attached to this notice of removal, there have been no further pleadings, process, or orders filed in this action.

This notice of removal is timely as Thrifty Payless, Inc. was served the initial summons and complaint on January 20, 2016, and this Notice of Removal was filed within 20 days thereof.

### 3. VENUE

Venue lies in the United States District Court for Nevada pursuant to 28 U.S.C. §§

1391(a) and (b) and 1441(b) because the state court action was filed in this district, namely in Washoe County, and Plaintiff resides in and is a citizen of Nevada. (*See* Ex. A to Lowell Dec., Complaint, ¶1.)

### 4.  REMOVAL BASED UPON DIVERSITY JURISDICTION

This Court has jurisdiction over this civil action under 28 U.S.C. § 1332 because complete diversity of citizenship exists between Plaintiff (a Nevada resident and citizen) and all three corporate named defendants (not Nevada citizens), it is an action that may be removed to this court by Thrifty Payless, Inc. pursuant to the provisions of 28 U.S.C. §1441(b), and the amount in controversy exceeds the jurisdictional minimum of $75,000 at the time of removal, exclusive of interest and costs.

As alleged in the Complaint, at all relevant times mentioned in and relevant to the Complaint, including the time of filing of the Complaint, Plaintiff was and is a citizen of the state of Nevada. (*See* Ex. A to Lowell Dec., Complaint, ¶ 1.)  Thrifty Payless, Inc. is informed and believes that Plaintiff resided at 945 Green Valley Drive, Fernley, Nevada 89408. (*See* Lowell Dec., ¶ 6.)

Thrifty Payless, Inc. is not a citizen of Nevada, and is and at all material times has been, a corporation incorporated under the laws of the State of California and having its principal place of business in Pennsylvania. (*See* Lowell Dec., ¶ 4.)  Even if defendants "Rite Aid Corporation, a Delaware corporation, dba Rite Aid Pharmacy" and "Thrifty Payless Holdings, Inc., a Delaware corporation, dba Rite Aid Pharmacy" were properly named and served in this action, given their status as Delaware corporations, diversity still exists as they were not citizens of Nevada.

Pursuant to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . . ."  At all relevant times herein, Thrifty Payless, Inc. has maintained its corporate offices in Pennsylvania. (*See* Lowell Dec., ¶ 4.)  Thrifty Payless, Inc.'s executive, finance, accounting, marketing, information systems, and legal functions are all centralized at its Camp

Hill, Pennsylvania, headquarters as well as a related facility less than fifteen (15) miles away in Valley Green, Pennsylvania. (*See* Lowell Dec., ¶ 4.) Nearly all of the members of Thrifty Payless, Inc.'s corporate upper management have their offices in Pennsylvania. (*See* Lowell Dec., ¶ 4.) Pennsylvania is where all of Thrifty Payless, Inc.'s company-wide decisions and policies are made and where the overwhelming majority of the company's purchases are made. (*See* Lowell Dec., ¶ 4.) The majority of Thrifty Payless, Inc.'s business is conducted in the state of California. (*See* Lowell Dec., ¶ 4.) Accordingly, Thrifty Payless, Inc. is not a citizen of the state of Nevada, where the state court action is pending. Given the broadest possible interpretation of citizenship under the Supreme Court's official adoption of the "nerve center" test for determining citizenship, Thrifty Payless, Inc. could not be considered a Nevada citizen. *See, Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (U.S. 2010) (principle place of business is normally the location of corporation's headquarters from which corporation's officers direct, control, and coordinate the corporation's activities).

The citizenship of the fictitious defendants, Does I through XX, may be disregarded pursuant to 28 U.S.C. § 1441(a) ("[f]or purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded"). *See, Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690 (9th Cir. 1998).

## 5. AMOUNT IN CONTROVERSY

Thrifty Payless, Inc. is informed and believes and thereon alleges that the amount in controversy exceeds $75,000.00 based on the wrongful death damages Plaintiff seeks in her Complaint. (*See* Ex. A to Lowell Dec., Complaint, at ¶¶ 15-17 and Prayer for Relief.) Thrifty Payless, Inc. does not admit that Plaintiff is entitled to any damages or that Plaintiff will recover on any of her theories, and all such damages are in controversy; however, Thrifty Payless, Inc. discusses Plaintiff's alleged damages to show that the amount in controversy exceeds the $75,000 jurisdictional minimum.

If the complaint does not clearly specify damages, the court may examine facts in the

complaint and evidence submitted by the parties. (*See, Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403 (9th Cir. 1996); *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992), citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, (1936).) The jurisdictional minimum may be satisfied by claims for special and general damages, attorneys' fees and punitive damages. (*See, Conrad Assoc. v. Hartford Accident & Indem. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998).) Removal is proper where a defendant demonstrates that it is "more likely than not" that the amount in controversy exceeds $75,000. (*Sanchez*, supra, 102 F.3d at 404; *Lowdermilk v. U.S. Bank Nat'l Assn.*, 479 F.3d 994, 998 (9th Cir. 2007).)

An heir in a wrongful death action may broadly recover "pecuniary damages for the person's grief or sorrow, loss of probable support, companionship, society, comfort and consortium, and damages for pain, suffering or disfigurement of the decedent." NRS 41.085(4); *see also, Mover v. United States*, 593 F.Supp. 145, 146–47 (D.Nev.1984). Indeed there have been numerous awards in wrongful death actions well in excess of the jurisdictional limit, including cases removed to federal court on the basis of diversity of citizenship: *Alex Novack & Sons v. Hoppin*, 77 Nev. 33, 43, (1961) (jury verdict for $175,000 compensatory damages for wrongful death claim brought by widow and 4 minor children was affirmed as it was not so excessive as to justify reversal on that ground); *State v. Eaton*, 101 Nev. 705, 707 (1985), overruled on other grounds by *State ex rel. Dep't of Transp. v. Hill*, 114 Nev. 810 (1998) ($100,000 for the wrongful death of her infant daughter arising out of a car accident); *McGarry v. United States*, 549 F.2d 587, 593 (9th Cir. 1976) (wrongful death award of $115,000 was not excessive as matter of law); *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365 (1978) (jurisdictional amount not questioned in wrongful death action removed on diversity of citizenship grounds); *Nam Soon Jeon v. Island Colony Partners*, 892 F. Supp. 2d 1234 (D. Haw. 2012) (limited partnership, whose presence defeated diversity jurisdiction, was a dispensable party, and thus, the widow would be allowed to drop the partnership as a defendant to maintain diversity citizenship in a wrongful death case); *Vu v. Ortho-McNeil Pharm., Inc.*, 602 F. Supp. 2d

1151, 1153 (N.D. Cal. 2009) (court found complete diversity and more than $75,000 in controversy in wrongful death action).

Here, Plaintiff claims that as the result of an alleged pharmacy error, the decedent "continued to take the medicine for approximately two weeks prior to the discovery of the error" and that such ingestion caused decedent to suffer "serious personal injuries, illness, and disabilities" causing him to suffer "severe multiple injuries, which caused decent pain and suffering, and upon information and belief caused decedent's death on December 17, 2013." (*See* Ex. A to Lowell Dec., Complaint, at ¶¶ 15-16).  Plaintiff further alleges that as a result of decedent's wrongful death, she has been "damaged, and suffered grief and sorrow, loss companionship, society, comfort and consortium, and will continue to suffer such losses in the future and damages in excess of the jurisdictional minimum of the Second Judicial District Court of the State of Nevada.  (*See* Ex. A to Lowell Dec., Complaint, at ¶¶ 17).  Plaintiff goes on to pray for compensatory damages, costs of suit and attorney's fees. (*See* Ex. A to Lowell Dec., Complaint, at page 3, line 27 through page 4, line 1.)

Plaintiff seeks to recover attorney's fees in this action and attorney's fees are properly included in the amount in controversy for purposes of evaluating diversity jurisdiction.  *See, Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998).  While Thrifty Payless, Inc. does not concede that Plaintiff is entitled to recover attorney's fees in this action, even a modest amount of attorney's fees further increases the amount in controversy beyond the jurisdictional limit.

Based upon the foregoing, it is more likely than not that the amount in controversy in this action is in excess of the jurisdictional minimum of $75,000.

## 6. NOTICE TO STATE COURT AND TO PLAINTIFF

This Notice of Removal to Plaintiff and to the Clerk of the Second Judicial District Court

/////

/////

Page 7 of  9

of the State of Nevada, County of Washoe, is being served on all parties on the date of removal or promptly thereafter.

DATED this _____ day of February, 2016.

PERRY & WESTBROOK
A Professional Corporation

ALAN W. WESTBROOK, ESQ.
Nevada Bar No: 6167
1701 W. Charleston Blvd., Suite 200
Las Vegas, Nevada 89102
Telephone: (702) 870-2400
Facsimile: (702) 870-8220
E-Mail: awestbrook@perrywestbrook.com
Attorneys for Defendant

Page 8 of 9

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the _8_ day of February 2016, a true and correct copy of the foregoing **DEFENDANT THRIFTY PAYLESS, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. 1332, 1441 (DIVERSITY); DEMAND FOR JURY TRIAL** was served upon the following counsel via United States Mail, postage fully prepaid thereon and addressed as follows:

John A. Collier
Kalicki Collier, LLP
401 Ryland Street, Suite 200
Reno, NV 89502

An Employee of PERRY & WESTBROOK, P.C.